UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRELL LEE INGMIRE-LOPEZ,                       Petitioner,   v.   STATE OF WASHINGTON,                       Respondent. | Case No. C19-1109-RSL-MAT   REPORT AND RECOMMENDATION |

On July 16, 2019, petitioner submitted to this Court for filing a document that he identified as a "Petition↔Motion and Amendment" and which the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Dkt. 9.)  Petitioner's pleading was largely incomprehensible, though he appeared to be seeking some form of relief relating to his ongoing criminal proceedings in Whatcom County Superior Court.  On September 20, 2019, this Court issued an Order directing petitioner to show cause why this action should not be dismissed for failure to identify a viable claim for relief. (Dkt. 12.)  The Court explained in the Order to Show Cause that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. (*See id*. at 2 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  The Court noted that

REPORT AND RECOMMENDATION
PAGE - 1

petitioner's pleading did not reveal any extraordinary circumstances which would appear to justify this Court's intervention in his ongoing state court criminal proceedings. (*Id.*) Petitioner was directed to file a response to the Order to Show Cause within thirty days. (*Id.*)

Petitioner subsequently filed a number of motions in which he requested various forms of relief relating to his ongoing state court proceedings as well as additional time to respond to the Order to Show Cause. (Dkts. 15, 16, 17.) On October 18, 2019, the Court issued an Order addressing those motions and granting petitioner an extension of time until November 20, 2019 to file his response to the Order to Show Cause. (Dkt. 19.) Petitioner was advised that his failure to file a timely response would result in a recommendation that this action be dismissed. (*Id*. at 2.) Since that time, petitioner has filed additional documents including one identified as an "Amendment" which appears to include some argument regarding extraordinary circumstances. (Dkt. 23.) Petitioner has also submitted documentation regarding x-rays taken since he has been in custody in Whatcom County together with a CD of the x-ray images (Dkt. 24), a motion regarding the First Amendment and the Free Exercise Clause (Dkt. 25), and a motion for pro se status (Dkt. 26).

In his "Amendment," petitioner identifies the following "extraordinary circumstances" which he appears to believe warrant this Court's intervention in his ongoing state court proceedings: (1) he does not have access to the resources necessary to represent himself in his state court proceedings; (2) he is a decorated Vietnam War hero; and, (3) this Court rejected essentially this same case in 2006-07.[1] (Dkt. 23 at 1-2.) Petitioner requests in his "Amendment" that he be granted an in-chambers hearing, apparently so that he can explain why he should be

---

[1] A review of this Court's records reveals no prior actions filed by petitioner.

REPORT AND RECOMMENDATION
PAGE - 2

permitted to proceed with this action. (*See id*. at 3.) He requests, in the alternative, that his case be transferred to the Royal Court of Justice in England. (*See id*. at 2-3.) In his two subsequent motions, petitioner appears to request that this Court grant him pro se status in his ongoing Whatcom County Superior Court criminal case, including access to co-counsel, paralegals and investigators of his choice, as well legal books, paper, phone calls and medical care. (*See* Dkts. 25, 26.)

Petitioner's attempts to secure pro se status in his ongoing state court criminal proceedings, and access to the resources necessary to adequately represent himself, are issues which must be directed to the trial court. They do not constitute the type of extraordinary circumstances which would justify this Court's intervention in petitioner's state court proceedings. Petitioner's status as a Vietnam War hero and this Court's alleged prior rejection of a similar case likewise do not constitute extraordinary circumstances which would allow this Court to inject itself into petitioner's Whatcom County Superior Court criminal case.

Based on the foregoing, this Court recommends that petitioner's petition for writ of habeas corpus be dismissed for failure to identify any viable claim for relief. This Court further recommends that petitioner's pending motions be stricken as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be

ready for consideration by the District Judge on **February 14, 2020**.

DATED this 17th day of January, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4